**No. 49532.**—Protest 60676–K of W. X. Huber Co. (Los Angeles).

Opinion by WALKER, J. The first shipment consisted of one case containing 60 pounds of a commodity invoiced as peppermint oil, and the second shipment 66 cases containing 3,960 pounds also invoiced as peppermint oil. But it appeared from the record that the merchandise contained in the latter shipment (entry 4400) consisted of cornmint oil partially dementholized. On the record presented the claim at 12½ percent was sustained as to the second shipment (entry 4400).

No evidence was offered, however, establishing facts with relation to first shipment (entry 3513) but plaintiff's counsel pointed out that it was purchased in the same city, from the same supplier, and by the same purchaser. The Government chemist reported that "The sample is Japanese peppermint oil dementholized. It is not U. S. P. oil of peppermint." The court stated there is nothing in paragraph 58 requiring that the peppermint oil *eo nomine* provided for therein shall conform to the United States Pharmacopoeia requirements for peppermint oil. Since there was no evidence to establish that the merchandise covered by entry 3513 is not peppermint oil, it was held that the presumption of correctness attaching to the action of the collector had not been overcome and the protest was overruled to that extent.